IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Vercon Construction, Inc., | ) | C/A No.: 3:03-1370-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Highland Mortgage Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's Motion to Amend, Alter or in the Alternative Clarify Judgment filed on January 31, 2005 [Doc. # 95]. For the reasons stated herein, plaintiff's Motion to Amend or Alter is denied, and its Motion to Clarify Judgment is granted.

Plaintiff requests the court amend or alter, or in the alternative, clarify its order filed January 20, 2005 [Doc. #94] which, *inter alia*, denied plaintiff's motion to amend its amended complaint to "clarify and hone the factual underpinnings of its claims against Highland." Plaintiff states that the only causes of action it seeks as to Highland are conversion, breach of fiduciary duty, civil conspiracy, SCUTPA, and tortious interference with contract. Plaintiff says it is unclear whether the court's order "precludes the Plaintiff's ability to introduce at trial evidence adduced during discovery relating to the Greer Gardens Project and the Village at Lake Wiley Project, for which Highland provided financing." Plaintiff argues that this evidence is relevant to showing a "common design" necessary to make its *prima facie* case for civil conspiracy and to evidencing a potential for repetition for its SCUTPA claim against

1

Highland. By memorandum filed in opposition to summary judgment on April 27, 2005, plaintiff represented that it will not proceed further on the SCUTPA claim, which the court grants as dismissed. Therefore, the alleged evidence relates, if at all, only to the remaining civil conspiracy claim.

## Motion to Amend or Alter

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the pleadings related to this motion, the court finds oral argument would not aid in its decision-making process. In the view of this court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this court — the motion is basically an attempt to reargue issues already fully briefed and decided by this court.

For the above reasons, the motion to alter or amend the judgment is denied.

## Motion to Clarify

Highland argued that this evidence has no probative value because it is completely unrelated to the Possum Trot Apartment Project at issue in this case. By way of a separate motion to compel, Highland complained that plaintiff provided inadequate and evasive responses to its second set of interrogatories 1, 2, 4, 5, 6, 7, 9, 10, 15, 20, 21, and 22. Vercon resisted production of documents responsive to these interrogatories on the grounds that they were "unrelated projects." Additionally, it appears the Village at Lake Wylie and the Greer Gardens projects were each the subject of actions filed in state court and ultimately dismissed with prejudice after settlement. The court agrees that these projects are unrelated to the subject matter of this case. Therefore, the court grants plaintiff's motion to clarify that Highland's conduct as relates to Greer Gardens and Village at Lake Wylie will be excluded from the trial of this matter.

## Conclusion

For the reasons stated above, plaintiff's Motion to Alter or Amend is denied, and its Motion to Clarify is granted in accordance with the terms of this order.

IT IS SO ORDERED.

s/ Joseph F. Anderson, Jr.<br>United States District Judge

June 21, 2005
Columbia, South Carolina

3