IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Vercon Construction, Inc., | ) | C/A No.: 3:03-1370-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Highland Mortgage Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Highland's Motion to Compel and Motion to Strike Expert Witness Identification filed on February 17, 2005 [Doc. # 99]. After considering the briefs submitted with and in response to this motion, the court grants the motions.

### **Motion to Compel**

Highland served plaintiff with a second set of interrogatories, to which plaintiff responded on February 9, 2005. Highland found the responses inadequate and evasive and filed its motion to compel plaintiff to provide full and complete responses to interrogatories 1, 2, 4, 6, 7, 9, 10, 15, 20, 21, and 22. Highland states that Vercon initially resisted production of documents responsive to these interrogatories on the grounds that they were "unrelated projects." The Village at Lake Wylie and the Greer Gardens projects were each the subject of actions filed in state court and ultimately dismissed with prejudice after settlement.

Highland also complains that plaintiff's response to interrogatory 5 is inadequate. Interrogatory 5 requested plaintiff identify, with particularity, each and every document upon

1

which it relies for its assertion that a fiduciary relationship existed between it and Highland. Vercon responded that it relied upon its contract with the owner, the building and loan agreement and "numerous correspondence between Vercon and Highland ... related to the Greer Gardens, Lake Wylie and Possum Trot Projects," all of which would be in the possession of Highland, but which business records were available for inspection pursuant to Fed. R. Civ. P. 33(d).

As detailed in the court's order granting plaintiff's motion to clarify, the references to Greer Gardens and the Village at Lake Wylie are not relevant to this case. However, the court grants the motion to compel full and complete responses to the above interrogatories without reference to the Greer Gardens and Village at Lake Wylie projects. Responses to the discovery request shall be made within 7 (seven) days.

As to interrogatory 5, plaintiff's invocation of Rule 33(d) is misplaced and unjustified. The lack of sufficient specification to allow Highland to locate and identify plaintiff's "answer" is not authorized by Rule 33(d) or any other rule. As the court stated in *Interstate Indem. Co. v. Black,* 2003 WL 23269342 (M.D.N.C.), a party "must do more in response to interrogatories than simply turn over a volume of documents and declare, in effect, 'you find my case.'" The court likewise grants the motion to compel full and complete responses to interrogatory 5. Responses to this discovery request shall also be made within 7 (seven) days.

### Motion to Strike

Highland's motion to strike is directed to an expert witness designation of James F. Joyner, III, CPA. Mr. Joyner is designated as having prepared a valuation of plaintiff's

business in June 2000 and is expected to testify regarding the value of the business at that time. The deadline to designate expert witnesses pursuant to Fed. R. Civ. Pro. 26(A)(2) was March 12, 2004, but plaintiff did not designate Mr. Joyner as its expert witness until February 10, 2005, at which time it provided his report from four and a half years prior, dated July 11, 2000. This identification was made 18 days prior to the discovery deadline. Defendant complains that Mr. Joyner's report nearly doubles the amount plaintiff previously claimed its business was damaged.

Plaintiff argues that because Mr. Joyner was previously identified as a witness under the category of Vercon's "own employees and employees from its regular accounting firm, Dixon-Hughes," that Highland has not been prejudiced. Further, plaintiff states that because Highland has had full opportunity to discover Mr. Joyner's opinions, that Highland has not been prejudiced.

The rules of procedure are to be construed to reach just, speedy and inexpensive results, Fed.R.Civ.P. 1, and a party who delays supplementing Rule 26(a)(2)(B) expert disclosures, absent compelling reasons for doing so, should not expect the court automatically to permit the expert to testify at trial about the newly disclosed information, for such action would condone "trial by ambush." *See e.g. Licciardi v. TIG Ins. Group*, 140 F.3d 357, 359 (1st Cir., 1998) (reversing defense verdict procured by "trial by ambush tactics" when defense counsel "supplemented" a defense expert's opinion during trial); *Congressional Air Ltd. v. Beech Aircraft Corp.*, 176 F.R.D. 513, 516 (D.Md.1997) (disallowing submission of a "rebuttal" expert disclosure within twelve days of the due date of the pretrial order, and less than one

month before trial). The court's scheduling order contained a deadline of March 12, 2004 for designating experts. In this case, plaintiff's counsel waited until February 10, 2005 to disclose Mr. Joyner as its expert witness, 18 days prior to the close of discovery.

The court should not automatically permit testimony at trial as to the newly disclosed information if, considering the facts of the case, it is convinced that doing so would be unfair or cause undue delay or expense. In making such a determination, the court should consider the following factors: (1) the explanation for making the supplemental disclosure at the time it was made; (2) the importance of the supplemental information to the proposed testimony of the expert, and the expert's importance to the litigation; (3) potential prejudice to an opposing party; and (4) the availability of a continuance to mitigate any prejudice. *See Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 49 F.Supp.2d 456 (D.Md.1999). Consideration of these factors demonstrates why the defendants' motion to strike must be granted.

The supplementation of plaintiff's Rule 26(a)(2) disclosure was untimely, and not sufficiently in advance of trial that it cannot fairly be characterized as "ambush tactics." This is not to suggest that plaintiff's counsel sat on the results of the report before providing the expert report, as he provided it upon receipt.

Second, the opinion expressed by Mr. Joyner regarding the business valuation cannot be said to be of central importance to the plaintiff's case, as plaintiff concedes that the report was prepared for an unrelated purpose, and therefore cannot be said to have been contemplated or relied upon by plaintiff prior to its fortuitous discovery and subsequent disclosure.

The third factor, whether there is prejudice to the party opposing the supplementation

of the expert disclosure, also militates against the plaintiff's position. Defendant complains, and plaintiff does not dispute, that Mr. Joyner's report nearly doubles the amount plaintiff previously claimed its business was damaged.

Similarly, the fourth factor, availability of a continuance to mitigate any prejudice, is inappropriate in this case, given the court has amended the scheduling order three times, finally providing that this case would go to trial beginning May, 2, 2005, and now having set the case for the July/August term. As noted in this court's four scheduling orders in this case, a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D. N.C. 1987) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). "The use of discovery closure dates and deadlines for disclosure of experts are important tools for case management." *Serrano-Perey v. F.M.C. Corp*, 985 F.2d 625, 628 (1st Cir. 1993).

For the foregoing reasons, the court grants Highland's motion to compel and motion to strike plaintiff's expert James F. Joyner.

IT IS SO ORDERED.

|  |  |
|---|---|
|  | s/ Joseph F. Anderson, Jr. |
| June 21, 2005 | United States District Judge |
| Columbia, South Carolina |  |